# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RICARDO DOMINICO,
    Appellant,

   v.

OFFICE OF PERSONNEL
 MANAGEMENT,
    Agency.

DOCKET NUMBER
SF-0831-14-0294-I-1

DATE: January 21, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Rufus F. Nobles, I</u>, Zambales, Philippines, for the appellant.

<u>Cynthia Reinhold</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which affirmed the agency's determination that he was ineligible to receive an annuity under the Civil Service Retirement System (CSRS). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The appellant was employed by the Department of the Navy in the Philippines on various dates during the period from May 1976 to July 1992. Initial Appeal File (IAF), Tab 4 at 10. He applied for a deferred CSRS retirement annuity in 2013. *Id.* at 6-7. As set out in the initial decision, entitlement to a CSRS retirement annuity requires 5 years of creditable service, ending with at least 1 of the last 2 years in a position covered by the Civil Service Retirement Act. IAF, Tab 7, Initial Decision (ID) at 3. The administrative judge reviewed applicable laws, regulations, and case law, applied them to the facts of the case, and concluded that the appellant was not entitled to a retirement annuity because he failed to establish that he was ever employed in a covered position. ID at 3-6.

¶3    On review, the appellant has not addressed the administrative judge's legal reasoning, which we find to be correct. He instead contends that he is entitled to a CSRS retirement annuity based on the Office of Personnel Management's

regulation at 5 C.F.R. § 831.303(a). Petition for Review (PFR) File, Tab 1. This regulation provides as follows:

> Periods of creditable civilian service performed by an employee or Member after July 31, 1920, but before October 1, 1982, for which retirement deductions have not been taken shall be included in determining length of service to compute annuity under subchapter III of chapter 83 of title 5, United States Code; however, if the employee, Member, or survivor does not elect either to complete the deposit describes [sic] by section 8334(c) of title 5, United States Code, or to eliminate the service from annuity computation, his or her annuity is reduced by 10 percent of the amount which should have been deposited (plus interest) for the period of noncontributory service.

¶4        The appellant argues that, although his excepted appointment in 1980, was initially excluded from retirement coverage by 5 C.F.R. § 831.201(a)(13) ("nonpermanent appointments, designated as indefinite"), the promulgation of section 831.303(a) in August 1983, had the effect of converting him to a covered employee with a vested CSRS annuity. PFR File, Tab 1 at 3.

¶5        Section 831.303 is contained within Subpart C of part 831, which is entitled "Credit for Service." Section 831.201, relied upon by the administrative judge, is contained within Subpart B of part 831, which is entitled "Coverage." Section 831.303 thus deals with whether service is creditable, not whether service is covered. The regulations in Subpart B control whether service is covered. The administrative judge correctly determined that the appellant failed to establish that he had the requisite covered service.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.